# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DUANE M. JONES and FRANCIS I. JONES, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 19-cv-2855 |
| DEUTSCHE BANK, QUANTUM SERVICING CORPORATION, and RUSHMORE LOAN MANAGEMENT SERVICES, LLC, ) ) ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Duane Jones and Francis Jones filed this pro se action against Deutsche Bank, Quantum Servicing Corporation, and Rushmore Loan Management Services, LLC ("Rushmore") in relation to a foreclosure of residential property that plaintiffs had used to secure a mortgage loan. Rushmore moves to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). For the reasons that follow, the Court grants Rushmore's motion to dismiss.

**Background**

In deciding this motion, the Court accepts the allegations in the amended complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As a preliminary matter, ordinarily, a court may not consider matters outside the pleadings when deciding a motion to dismiss. *Doss v. Clearwater Title Co.,* 551 F.3d 634, 639-40 (7th Cir. 2008). However, a court may consider documents attached to a motion to dismiss without transforming it into a motion for summary judgment if the documents are "referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.,* 453

F.3d 882, 891 (7th Cir. 2006) (citations and quotation marks omitted). Thus, the Court will consider the underlying foreclosure records that are attached to Rushmore's motion to dismiss.

In 2003, plaintiffs obtained a mortgage loan and note from DB Structured Products in the amount of $293,692.88. The loan was secured by residential property at 3143 South Giles Avenue in Chicago, Illinois. Plaintiffs defaulted on the loan. In January 2010, DB Structured Products filed a foreclosure complaint in the Circuit Court of Cook County, Illinois. In March 2014, the state court entered a Judgment for Foreclosure and Sale, and an order confirming the foreclosure sale was entered in April 2015. In August 2016, a judicial sale deed vesting title in the property was recorded. In June 2017, the Appellate Court of Illinois affirmed the judgment. As a result of the foreclosure, Quantum became the servicer for the note. The note was subsequently transferred from Quantum to Rushmore, and Rushmore secured court orders to evict plaintiffs from the property. In 2019, plaintiffs hired an "expert" to conduct a forensic title analysis. The expert reported inconsistencies as to which company possessed the note at the time of foreclosure, which plaintiffs allege show that the foreclosure was "illegal" due to a "fraudulent" note. In their amended complaint, plaintiffs assert claims of wrongful foreclosure, breach of contract, and a violation of the National Housing Act. They seek an order enjoining an eviction and a declaration of the parties' rights in the property.

**Legal Standard**

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction. *Taylor v. McCament,* 875 F.3d 849, 853 (7th Cir. 2017). Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiffs' favor. *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). When "external facts call the court's jurisdiction into question," the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to

determine whether in fact subject matter jurisdiction exists." *Taylor,* 875 F.3d at 853 (citation and quotation marks omitted).

**Discussion**

Rushmore argues that plaintiffs' claims are barred under the *Rooker-Feldman* doctrine, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-66 (1923), because their allegations seek reversal of the final state court judgment in the foreclosure matter or raise matters which could and should have been raised in opposition to the foreclosure. In response, plaintiffs state that "[a]t the heart of [their] claims are whether or not Defendants, including Rushmore, are/were entitled to foreclose on [the] property, whether Rushmore breached its contract and obligations to Plaintiffs, and whether Rushmore violated the National Housing Act." Plaintiffs also assert that they "are not asking solely for this Court to overturn or reject" the state court judgment, because the breach-of-contract claim is separate and distinct from the foreclosure case, and the National Housing Act claim is not an attack on the foreclosure judgment.

The *Rooker-Feldman* doctrine "prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). The doctrine "ensures that lower federal courts do not exercise appellate authority over state courts." *Id.* at 675. In deciding whether *Rooker-Feldman* applies, a court must ask whether a plaintiff is "alleging that his injury was caused by the state-court judgment." *Id.* Claims not raised in state court, or "that do not on their face require review of a state court's decision, may be subject to *Rooker-Feldman* if those claims are closely enough related to a state-court judgment." *Id.*

The present lawsuit is centered on the foreclosure case that proceeded in Illinois state court from 2010 through 2017, during which time a foreclosure judgment was entered against plaintiffs. Plaintiffs' wrongful foreclosure claim asks this Court to reject that judgment, which it has no

3

jurisdiction to do under the *Rooker-Feldman* doctrine. Further, it is clear that the breach-of-contract claim is so closely related to the foreclosure case that it too is barred by *Rooker-Feldman*. *See Mains*, 852 F.3d at 675. Plaintiffs' claims related to the expert forensic analysis report are barred for the same reason. Though plaintiffs did not obtain the forensic report until 2019 and could not have raised it specifically in the foreclosure case, claims based on this report are still "inextricably intertwined" with the state court foreclosure judgment because any ruling in plaintiffs' favor would require setting aside the state court judgment and nothing in the pleadings indicate that plaintiffs lacked reasonable opportunities to address the issue of a "fraudulent note" in the state court proceedings. *See Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004) (claims presented to the district court that were not raised in state court or that do not on their face require review of a state court's decision may still be subject to *Rooker-Feldman* if those claims are "inextricably intertwined" with a state court judgment; once it has been determined that a claim is inextricably intertwined, i.e., that it indirectly seeks to set aside a state court judgment, it must then be determined whether plaintiff had a reasonable opportunity to raise the issue in state court proceedings; if the plaintiff could have raised the issue in state court proceedings, the claim is barred under *Rooker-Feldman*). Under these circumstances, plaintiffs have not met their burden in establishing subject matter jurisdiction.

Finally, the National Housing Act, 12 U.S.C. § 1701 *et seq.*, does not create a private cause of action. *See* 12 U.S.C. § 1702. The Court dismisses this claim with prejudice under Rule 12(b)(6).

**Conclusion**

Based on the foregoing, the Court grants Rushmore's motion to dismiss [22] with prejudice.

**IT IS SO ORDERED.**

Date: 12/20/2019        Entered: _____
                                 SHARON JOHNSON COLEMAN
                                 United States District Court Judge